IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01519-CMA-MEH

TYLER RATZLAFF,
TOBY COTTON, and
TREVOR TABOR,

    Plaintiffs,

v.

SUMMIT MIDSTREAM PARTNERS, LLC, and
ARCHROCK SERVICES, LP,

    Defendants.

## ORDER DISMISSING CASE

This matter is before the Court on the September 13, 2021 Status Report Concerning Order to Show Cause and Jurisdiction. (Doc. # 26.) For the following reasons, the instant case is dismissed *sua sponte* for lack of complete diversity between the parties and, therefore, lack of subject matter jurisdiction.

### I.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W.*

*Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Federal subject matter jurisdiction can arise under 28 U.S.C. § 1331 for claims "arising under the Constitution, laws, or treaties of the United States" or under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the conflict is between citizens of different states.

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). A court should not proceed without having first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

## II.     ANALYSIS

For purposes of diversity jurisdiction, "each defendant must be diverse from each plaintiff." *Grice v. CVR Energy*, *Inc.*, 921 F.3d 966, 968 (10th Cir. 2019). The citizenship of unincorporated entities, including limited liability companies, is determined by looking to the citizenship of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *see also Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046–47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction").

Plaintiffs initiated this action in federal court on the basis of diversity jurisdiction, asserting claims against Defendants Summit Midstream Partners, LLC, ("Summit") and Archrock Services, LP. *See* (Doc. # 1 at 2). However, Plaintiffs are domiciled in Colorado, and at least one shareholder/limited partner of Defendant Summit is also domiciled in Colorado. *See* (Doc. # 26 at 2–3 (citing Doc. # 26-1)). It follows that

Plaintiffs and Defendant Summit are all citizens of Colorado for the purposes of diversity jurisdiction, and complete diversity between the parties is lacking. *See Americold Realty Trust*, 136 S. Ct. at 1015; *see also Grice*, 921 F.3d at 968. Thus, the Court lacks subject matter jurisdiction over this action.

### III.     CONCLUSION

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissals for lack of jurisdiction must be without prejudice).

The Clerk of Court is directed to close this case.

DATED:  September 22, 2021

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge